UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| WENDY MELENDREZ RIVAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:10 CV 197 |
| | ) | |
| TERRY MARTIN, SHERIFF OF | ) | |
| LAGRANGE COUNTY, in his individual | ) | |
| and official capacity; JOHN DOE 1, LAGRANGE | ) | |
| COUNTY JAIL COMMANDER; and JOHN DOE 2, | ) | |
| LAGRANGE COUNTY ASSISTANT JAIL | ) | |
| COMMANDER, in their individual capacities; | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Wendy Melendrez Rivas ("Rivas") filed a complaint against defendants, Terry Martin ("Martin"), Sheriff of LaGrange County in his official and individual capacities; John Doe 1, LaGrange County Jail Commander in his individual capacity; and John Doe 2, LaGrange County Assistant Jail Commander, in his individual capacity, alleging that they violated her right to due process by detaining her beyond their authority to do so. (DE # 1.) Defendants moved to dismiss the complaint pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) for failure to state a claim upon which relief can be granted. (DE # 16.) Rivas filed a response (DE # 23), and defendants replied. (DE # 25.)

**I.     BACKGROUND**

   *A.     Allegations in the complaint*

The following is a summary of the facts pleaded in Rivas' complaint. In December, 2008, Rivas wrote a check for $10 to a gas station. (DE # 1 at ¶ 19.) That

check was returned for insufficient funds, and, as a result, felony charges were filed against Rivas. (*Id.* ¶¶ 20, 21.) On January 29, 2010, Rivas was arrested and taken into custody in Coldwater, Michigan. (*Id.* ¶ 23.) She waived extradition and was transported from Michigan to the LaGrange County Jail in Indiana. (*Id.* ¶ 24.)

Prior to this time, United States Immigration and Customs Enforcement ("ICE") officers had lodged an immigration detainer against Rivas. (*Id.* ¶ 25.) The immigration detainer for Rivas stated:

> Federal regulations (8CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sunday's [sic] and Federal holidays) to provide adequate time for DHS to assume custody of the alien.

(*Id.* ¶ 26.) Rivas claims that starting on or about Friday, January 29, 2010, and continuing until her release, she repeatedly asked jail officials if she could be released after her bond was paid. (*Id.* ¶ 27.) She was informed that she would not be released because of the ICE detainer and that ICE could not assume custody of her until her criminal case was resolved. (*Id.* ¶¶ 27, 28.) She claims that she was discouraged from posting her $250 bond, but she still did so on Friday, February 12, 2010, at 10:12 a.m. (*Id.* ¶ 30.) She alleges that after paying her bond, she was eligible for release from state custody because she satisfied all of the conditions of her release. (*Id.* ¶ 31.) Because the 48 hour time period in the detainer excluded weekends and federal holidays (Monday, February 15, 2010, was a federal holiday) it expired at approximately 10:12 a.m. on Wednesday, February 17, 2010. (*Id.* ¶ 32.) Rivas was not released at this time. (*Id.* ¶ 37.)

On Friday, February 12, 2010, Rivas filled out an inmate request form stating that her bond was paid that day, asking about the ICE hold, and inquiring what would happen since her bond had been paid. (*Id.* ¶¶ 33, 34.) On Tuesday, February 16, 2010, Rivas received a response to her inmate form from defendants that stated: "I show a hold for INS and haven't been told otherwise." (DE # 1 at ¶ 35.) The inmate form showed that the request had been referred to defendants John Doe 1 and 2. (*Id.* ¶ 36.) On or about Friday, February 19, 2010, or Saturday, February 20, 2010, Rivas filled out another inmate request form asking LaGrange County jail officials when she could be released. (*Id.* ¶ 38.) She never received a response to this request. (*Id.* ¶ 39.)

On Monday, February 22, 2010, before noon, Rivas' attorney faxed defendant Martin a letter advising him that he was detaining Rivas in violation of federal law and requesting that she be immediately released. (*Id.* ¶ 40.) Rivas was released the same day shortly after noon. (*Id.* ¶ 41.) On June 16, 2010, Rivas filed her complaint against defendants pursuant to 42 U.S.C. § 1983 claiming that the detention deprived her of her constitutional right of due process. (*Id.* ¶¶ 46-48.) She asks for damages and a declaratory judgment that the conduct, policies, and practices of the defendants as alleged in the complaint are unlawful and violate the Fifth and Fourteenth Amendments of the United States Constitution. (*Id.* ¶¶ B, C.)

B.    *The parties' arguments*

The defendants filed a motion to dismiss arguing that Rivas' complaint should be dismissed for two reasons. (DE ## 16, 17.) First, they argue that Rivas has failed to state

a claim upon which relief can be granted because a claim cannot arise from a violation of 8 C.F.R. § 287.7, an administrative regulation. (DE # 17 at 3.) Second, they argue that they are entitled to qualified immunity because their actions did not violate any of Rivas' clearly established statutory or constitutional rights. (*Id.* at 6.)

In response, Rivas argues that her claim arises from the Due Process Clause of the Fourteenth Amendment and is brought pursuant to a federal statute, 42 U.S.C. § 1983, not to 8 C.F.R. § 287.7, so it should not be dismissed. (DE # 23 at 5-6.) She argues that 8 C.F.R. § 287.7 placed a limitation on defendants' authority to detain her, so they violated her due process rights by holding her for longer than they had authority to. (*Id.* at 8.) She also argues that defendants are not entitled to qualified immunity because they violated her clearly established constitutional right to be free from unlawful or prolonged detention. (*Id.* at 9, 11.)

In reply, defendants argue that Rivas has not shown that her constitutional rights were violated because she has not pointed to any statutory authority or case law establishing that an ICE detainer expires after 48 hours. (DE # 25 at 2.) For the same reason, they argue that Rivas' constitutional right was not clearly established. (*Id.* at 5.) They point to two cases involving individuals mistakenly detained pursuant to valid arrest warrants for other people to support their argument that Rivas' detention of five days was not a constitutional violation. (*Id.* at 6 (citing *Baker v. McCollan*, 443 U.S. 137, 140 (1979) and *Coleman v. Frantz*, 754 F.2d 719, 725 (7th Cir. 1985)).)

4

## II. STANDARD OF REVIEW

A court can dismiss a claim under FEDERAL RULE OF CIVIL PROCEDURE RULE 12(b)(6) for "failure to state a claim upon which relief can be granted." When considering a RULE 12(b)(6) motion to dismiss the court accepts all of "the complaint's well-pleaded allegations as true" and draws "all favorable inferences for the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). This statement must go beyond providing "labels and conclusions," and "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). To do this, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. To meet the plausibility standard, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). When the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief'" as required by RULE 8(a)(2). *Id.* at 1950.

A plaintiff cannot just "give a threadbare recitation of the elements of a claim without factual support." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009). Still, a plaintiff "must provide 'only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his

allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (citing *Tamayo v. Blagovich*, 526 F.3d 1081, 1083 (7th Cir. 2008)). The Seventh Circuit has advised courts that the *Twombly* and *Iqbal* plausibility standard "does not imply that the district court should decide whose version to believe, or which version is more likely than not." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Rather, the Supreme Court requires the plaintiff to "give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id.* at 404 (emphasis in original).

### III. ANALYSIS

#### A. Rivas' Section 1983 claim for violation of her right to due process

The court finds that Rivas has pleaded sufficient allegations to support a claim under 42 U.S.C. § 1983 for violation of her right to due process. First, the court rejects defendants' argument that Rivas is attempting to state a claim for violation of administrative regulation 8 C.F.R. § 287.7. (DE # 17 at 4.) Defendants argue that Rivas' claim should be dismissed because a cause of action does not arise from an administrative regulation. (*Id.* at 4.) To support their argument, defendants rely on *Chairez v. United States*, 790 F.2d 544 (3rd Cir. 1985). There, the plaintiff argued that 8 C.F.R. § 287.3 and 8 U.S.C. § 1357(a)(2) created a private right of action to sue federal employees who violated their provisions. *Id.* at 545. The court found that neither the administrative regulation nor the federal statute created a private right of action.

6

*Id.* at 545 n.3, 548. In that case, the court considered only a possible violation of plaintiff's statutory due process rights, not of his constitutional due process right. *See Id.* at 545, 548. In contrast, Rivas' claim focuses on a violation of her constitutional right to due process for her unlawful detention, not on a right created by statute or administrative regulation.

For additional support, defendants point to other cases in which courts discussed how federal statutes or administrative regulations did not provide for private causes of action. *Marx v. Centran Corp.*, 747 F.2d 1536, 1544 (6th Cir. 1984) (stating that a federal statute only creates a private cause of action when Congress intended it do so and therefore a private cause of action is not created by every violation of a federal statute); *Kress v. CCA of Tenn., LLC*, No. 1:08-cv-431, 2008 U.S. Dist. LEXIS 83378, at *6 (S.D. Ind. Oct. 17, 2008) (unpublished) (stating that a state's administrative regulations generally do not provide for an implied right of private action).

All of the above cases are inapposite to the one at hand because Rivas is not attempting to claim a cause of action under an administrative regulation or a federal statute that does not provide for a private cause of action. Rather, Rivas is stating a claim under 42 U.S.C. § 1983, a federal statute that clearly provides for a private cause of action for violation of constitutional rights.[1] As Rivas points out, she discusses

---

[1] Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within

7

8 C.F.R. § 287.7 to support her claim that defendants had no authority to detain her past February 17, 2010, and thus violated her constitutional right of due process by doing so. (DE # 23 at 8.) Rivas states: "8 C.F.R. § 287.7 is not the source of Plaintiff's liberty interest; rather it is a limitation on the Sheriff's ability to detain an alien." (*Id.*)

Second, Rivas has plead sufficiently to satisfy the first inquiry of any Section 1983 suit - whether she has been deprived of a right secured by the Constitution. *Baker*, 443 U.S. at 140. Rivas' allegations that defendants held her without authority for five days sufficiently stated a violation of her due process right to survive a RULE 12(b)(6) motion to dismiss. Defendants cite to *Carlisle v. Bensinger*, 355 F. Supp. 1359, 1362 (N.D. Ill. 1973), for the idea that a "violation of an administrative regulation does not alone establish a due process violation." In *Carlisle*, the court held that the plaintiffs, Illinois state prisoners, had not sufficiently pleaded a claim of violation of their due process rights when the defendants did not provide a hearing within 72 hours after the issuance of a disciplinary hearing. *Id.* The court found that while state administrative regulations required this hearing within 72 hours, the constitutional requirements of procedural due process did not impose the same rule. *Id.*

---

the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Unlike the plaintiffs in *Carlisle*, Rivas has plead more than a violation of an administrative regulation. In this case, Rivas claims that the defendants detained her for longer than they had authority to. Allegations of detention without authority can support a claim of violation of constitutional rights. *Armstrong v. Squadrito*, 152 F.3d 564, 578 (7th Cir. 1998) ("In a constitutional sense, how much more basic could it get - jails cannot confine people without authority to do so."); *cf. United States v. Tejada*, 255 F.3d 1, 4 (1st Cir. 2001) ("We nonetheless wish to note that aliens arrested for status offenses are not without protection from excessively long detentions.").

Furthermore, in a similar case, a district court determined that a plaintiff had made a sufficient showing that he had been unconstitutionally detained to survive defendants' motion for summary judgment. *Ramos-Macario v. Jones*, No. 3:10-00813, 2011 U.S. Dist. LEXIS 21461, at *1 (M.D. Tenn. Mar. 2, 2011). In *Ramos-Macario,* the plaintiff was arrested for driving on a suspended license. *Id.* at *7. He was sentenced to five days in jail. *Id.* The plaintiff presented evidence that he was held for an additional 25 days and that when he challenged his detention in writing three times, each time he was told that he was detained because of an "immigration hold." *Id.* at *10. The court determined that the plaintiff presented sufficient evidence to establish that "a genuine issue of fact existed as to whether he was unconstitutionally detained pursuant to [the d]efendants' alleged immigration detainer custom, policy or practice." *Id.* at *31-32.

The facts of Rivas' complaint show that the defendants had authority to detain her pursuant to her arrest for writing a check for insufficient funds. According to her

allegations, once Rivas posted bond on Friday, February 12, 2010, at 10:12 a.m., defendants' authority to keep her pursuant to the state law violation ended. Defendants then had authority to keep Rivas for up to 48 hours pursuant to the ICE detainer until February 17, 2010.[2] Defendants detained Rivas until February 22, 2010. Therefore, the allegations of the complaint show that after February 17, 2010, Rivas was not held pursuant to a warrant or to any other authority. Once the 48 hours of the detainer had expired, her detention was similar to the detention of someone held without a warrant or probable cause determination,

When someone is arrested and detained without a warrant, it is presumptively reasonable for that person to be detained up to 48 hours pending a determination of probable cause. *Chortek v. City of Milwaukee*, 356 F.3d 740, 746 (7th Cir. 2004) (citing *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991)). When a person is detained for more than 48 hours without a probable cause determination, the government has the burden to show that the delay was justified by an emergency or other extraordinary circumstance. *Id; Country of Riverside*, 500 U.S. at 57. Taking the facts in the light most favorable to Rivas, as must be done at this stage, her five day detention appears to be unauthorized. While this five day detention may have been authorized or justified, at

---

[2] Section 287.7 (d) states that under the detainer authorities can hold a person for a period not to exceed 48 hours. Defendants argue that pursuant to 8 C.F.R. § 287.12, the regulations in Section 287 are only meant to provide "internal guidance" and do not create any substantive or procedural rights. Still, defendants have not shown what authority or justification they had to keep Rivas for longer than 48 hours.

this stage, Rivas has pleaded sufficient allegations of prolonged detention in violation of her right to due process.[3]

*B.     Qualified immunity*

It appears that all defendants are claiming that they should be granted qualified immunity. However, the court rejects this request for all defendants. First, it is clear that Martin cannot be granted qualified immunity for the claims against him in his official capacity. *Armstrong*, 152 F.3d at 582. This is because a "suit against an individual in his or her official capacity is a suit against the municipality, and a municipality does not enjoy qualified immunity from a damage claim under 42 U.S.C. § 1983." *Id.* (stating, "We do not know how much more emphatically we can state this rule.").

---

[3] The court notes defendants do not argue that Rivas was not entitled to be released to the free world. If discovery shows that Rivas was not entitled to be released to the free world, but only to federal detention, her prolonged detention may not be a constitutional violation. In *Gonzales v. Collins*, an unpublished decision from the United States Court of Appeals for the Fifth Circuit, the plaintiff was an inmate in the Texas Department of Criminal Justice. 21 F.3d 1108 (5th Cir. Apr. 22, 1994) (unpublished). He filed a Section 1983 claim stating that when his release date came, instead of being released to mandatory supervision, he remained detained pursuant to an INS detainer for more than 48 hours. *Id.* During the time of his appeal, Gonzales was held by INS as he awaited deportation. *Id.* The Fifth Circuit stated:

> Given that Mr. Gonzales was never entitled to be released to freedom under the Texas mandatory supervision release statute, but was entitled only to be transferred to federal detention under the authority of the INS, we hold that Mr. Gonzales, in failing to be timely released from state to federal custody, has suffered no deprivation of liberty, and hence has suffered no constitutional injury for which he is entitled to damages under § 1983.

*Id. See also Hutchinson v. Reese*, No. 5:07-cv-181, 2008 U.S. Dist. LEXIS 115025, at *7 (S.D. Miss. Oct. 15, 2008) (unpublished).

The next question is whether the defendants sued in their individual capacities are entitled to qualified immunity. They are if "their conduct did not violate a clearly established right." *Armstrong*, 152 F.3d at 582. As already discussed, the allegations of the complaint state that defendants violated Rivas' constitutional right. A constitutional right is clearly established if its "contours" are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Estate of Escobedo v. Bender*, 600 F.3d 770, 779-80 (7th Cir. 2010) (quoting *Hope v. Pelzer*, 536 U.S. 730, 739 (2002)). A plaintiff can "demonstrate that the right was clearly established by presenting a closely analogous case that establishes that the [d]efendants' conduct was unconstitutional or by presenting evidence that the [d]efendant's conduct was so patently violative of the constitutional right that reasonable officials would know without guidance from a court." *Id.* The "salient question" for finding a closely analogous case is "whether the state of the law at the relevant time gave the [d]efendants fair warning that their treatment of [the plaintiff] was unconstitutional." *Id.* at 781.

It is clearly established that a person's constitutional rights are violated if he or she is held for an extended time without a probable cause determination, a warrant, or some other source of authority for his or her detention. The Seventh Circuit has clearly stated that the Fourteenth Amendment "guards against a prolonged detention, without a prompt appearance, following an arrest pursuant to a warrant." *Armstrong*, 152 F.3d at 582 (citing *Coleman*, 754 F.2d at 731). The Seventh Circuit has also stated that

constitutional concerns are implicated in holding a person in jail for almost a week without investigating the case or bringing the person before a magistrate. *Patton v. Przybylski*, 822 F.2d 697, 700-01 (7th Cir. 1987). Accordingly, it was clearly established that the defendants could not hold Rivas, who had posted bond, without a probable cause determination for five days beyond the 48 hour limit in the detainer.

The language of the detainer and of 8 C.F.R. § 287.7[4] made it clear that defendants could only hold Rivas for an additional 48 hours under the detainer. Courts have determined that 8 C.F.R. § 287.7 "requires only that the official upon whom the INS has served a detainer hold the alien, who could otherwise no longer be lawfully detained, for up to 48 hours in order to permit the INS to assume custody of him." *Royer v. INS*, 730 F. Supp. 588, 591 (S.D.N.Y. 1990); *Moreno Escobar v. U.S. Dep't of Justice*, No. Misc. 05-0048, 2005 WL 1060635, at *1 (E.D. Pa. 2005) (unpublished) (citing to 8 C.F.R. § 287.7(d) and stating "[p]ursuant to a detainer request, state or federal officials may hold an alien for forty-eight hours after his release date").

In arguing that they did not violate Rivas' clearly established constitutional right, defendants rely on three cases involving individuals mistakenly detained pursuant to valid arrest warrants for other people to support their argument that Rivas' detention of

---

[4] Section 287.7(d) aligns with the language of the detainer and states:

> Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the department.

13

five days was not a constitutional violation.[5] (*See e.g.,* DE # 25 at 6 (citing *Baker,* 443 U.S. at 140 and *Coleman,* 754 F.2d at 725).) In *Baker*, the Court held that the plaintiff's constitutional rights were not violated when he was held pursuant to a valid warrant over New Year's eve weekend. 443 U.S. at 144-45. Similarly in *Coleman*, the plaintiff was also held pursuant to a valid warrant. 754 F.2d at 731. Once Rivas posted bond, she was no longer held pursuant to a valid arrest warrant, so *Baker* and *Coleman* were not analogous to this case. Further, although *Coleman* held that a constitutional right to a first appearance following arrest pursuant to a valid warrant was not clearly established at that time, that decision clearly stated that an "eighteen-day detention without an appearance before a judge or magistrate was a deprivation of liberty without due process of law." *Id.* at 723. Thus *Coleman* itself established that the protracted incarceration of a someone arrested pursuant to a valid warrant "with its incident harms is constitutionally impermissible because it is wholly inconsistent with notions of 'fundamental fairness' required of criminal prosecutions under the Due Process." *Id.*

In *Panfil v. City of Chicago*, a third case relied upon by defendants, the plaintiff was held for four days, and on the second day he was brought before a magistrate judge where he was able to claim his innocence. 45 Fed. Appx. 528, 534 (7th Cir. 2002) (unpublished). The court held that there was no constitutional deprivation because the

---

[5] Defendants also rely on *Sivard v. Pulaski County*, but that case is not persuasive in this instance. 17 F.3d 185 (7th Cir. 1994). In *Sivard,* the court granted the defendants qualified immunity because it was not clearly established that "the detention of a properly-indicted fugitive pursuant to an oral extradition request violates the Fourth Amendment." *Id.* at 191-92. Rivas was not properly indicted once she had posted bond.

plaintiff was held for less time than plaintiffs in cases where the court held that detaining someone mistakenly arrested under a valid warrant for another person was unconstitutional and because the plaintiff was afforded due process. *Id.* Here, after she posted bond and the detainer expired, Rivas was not held pursuant to a valid warrant and she was not afforded due process for the extended detention. Rivas' situation is more analogous to cases in which someone was held for longer than 48 hours without a probable cause determination. As discussed above, a constitutional violation can arise from detaining someone for more than 48 hours without a probable cause determination. Thus, because the allegations state that defendants violated Rivas' clearly established constitutional rights, defendants cannot be granted qualified immunity at the motion to dismiss stage.

For the foregoing reasons, defendants motion to dismiss (DE # 16) is **DENIED**.

**SO ORDERED.**

Date: March 18, 2011

                                                s/James T. Moody  
                                                JUDGE JAMES T. MOODY  
                                                UNITED STATES DISTRICT COURT